IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ARKAN MOHAMMAD GHAFIL AL KARIM | ) ) | |
|     *Petitioner*, | ) ) | Civ. No. 05-998 (RMU) |
| v. | ) ) | |
| GEORGE W. BUSH, et al. | ) | |
|     *Respondents*. | ) | |

**MOTION TO RECONSIDER AND VACATE ORDER OF DISMISSAL**

Petitioner respectfully asks the Court to reconsider and vacate its Order dated September 20, 2007, dismissing this case for lack of jurisdiction based on the D.C. Circuit's decision in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir.) *cert granted*, 127 S. Ct. 3078 (2007).

    1.    The D.C. Circuit has made clear that this court should *not* dismiss Guantánamo habeas cases pending the Supreme Court's disposition of *Boumediene*. Moreover, as discussed in ¶¶ 1(b) and (d) below, the pendency of appeals deprives this court of jurisdiction to dismiss the above-captioned case.

    a.    On April 2, 2007, the Supreme Court denied certiorari in *Boumediene*. On June 29, 2007, however, the court reversed itself and granted certiorari. The D.C. Circuit, which had issued the mandate in *Boumediene* on June 27, 2007, recalled the mandate on July 26, 2007. The effect of the recall of the mandate was to divest this court of jurisdiction to dismiss those cases, and to preserve in those cases the protective order and counsel access rules that govern Guantánamo habeas cases, as well as related orders, such as orders requiring the government to provide counsel

with advance notice of any intended transfer of a prisoner from Guantánamo.[1]

   b.  Similarly, on March 22, 2007, the D.C. Circuit dismissed the appeals in *Kiyemba v. Bush*, No. 05-5487, in light of *Boumediene*. On May 10, 2007, the D.C. Circuit issued the mandate in the case; on September 7, 2007, however, after the Supreme Court granted certiorari in *Boumediene*, the D.C. Circuit recalled the mandate. *Kiyemba* is among the cases that this Court has dismissed. Because the *Kiyemba* appeal is pending, this Court lacks jurisdiction to dismiss it. *See United States v. DeFries, 129 F.3d 1293*. 1302 (D.C. Cir. 1997).

   c.  Similarly, on April 9, 2007, the D.C. Circuit dismissed the appeals in *Paracha v. Bush*, No. 05-5194, and remanded to this Court with directions to dismiss the case in light of *Boumediene*. On June 20, 2007, the D.C. Circuit denied the petitioner's motion to stay the mandate. On September 7, 2007, however, the D.C. Circuit stayed the mandate pending the Supreme Court's disposition of Boumediene.

   d.  Finally, on August 9, 2007, the D.C. Circuit deferred consideration of the government's motions in *Abdah v. Bush*, No. 05-5224, *et al.*, to dismiss 12 of the 16 cases that this Court has dismissed pending the Supreme Court's disposition of *Boumediene*, including the above-captioned case; the D.C. Circuit directed that the cases be "held in abeyance pending further order of the court." In its order, the D.C. Circuit also deferred consideration of the government's motion

---

[1] The day after this Court dismissed the 16 cases, the government sent counsel an email asserting that the dismissal rendered inoperative the protective order and counsel access rules that govern these cases. According to the government's email, counsel may henceforth visit and communicate with petitioners only as permitted by the "jurisdictionally appropriate" — *i.e.*, more restrictive — protective order entered by the D.C. Circuit for cases brought under the Detainee Treatment Act of 2005. It would be anomalous, to say the least, if petitioners in the above-captioned case or the others this court dismissed were required to live under a more restrictive regime for client access and communications, and related order, that the petitioners in the vast majority of habeas cases that, as discussed in the text, the D.C. Circuit and other district court judges have decided *not* to dismiss pending the Supreme Court's resolution of *Boumediene*.

to vacate orders entered by this Court requiring the government to provide counsel with advance notice of any intended transfer of petitioners from Guantánamo.[2] Because the appeals in these cases are pending, this court lacks jurisdiction to dismiss the. See *DeFries*, 129 F.3d at 1302.[3]

2.  Eleven other judges of this Court have denied or deferred government motions to dismiss pending the Supreme Court's disposition of *Boumediene*. *See, e.g., Taher v. Bush*, No. 06-CV-1684 (GK) (D.D.C. Sept. 13, 2007) (Doc. 26); *Razakah v. Bush*, No. 05-CV-2370 (EGS) (D.D.C. Aug. 17, 2007) (minute order); *Al Darby v. Bush*, No. 05-CV-2371 (RCL) (D.D.C. Aug. 8, 2007) (Doc. 49); *Al-Mohammed v. Bush*, No. 05-CV-0247 (HHK) (D.D.C. Aug. 7, 2007) (Doc. 66); *Khalid v. Bush*, No. 04-CV-1142 (RJL) (D.D.C. Aug. 7, 2007) (Doc. 90); *Faraj v. Bush*, No. 05-CV-1490 (PLF) (D.D.C. July 27, 2007) (Doc. 66); *Maqaleh v. Gates*, No. 06-CV-1669 (JDB) (D.D.C. July 18, 2007) (Doc. 13); *Ameziane v. Bush*, No. 05-CV-392 (ESH) (D.D.C. July 5, 2007); *Zadran*

---

[2] *Al-Hela v. Bush*, No. 05-CV-1048 (RMU), *appeal pending*, No. 05-5230 (D.C. Cir.); *Hatim v. Bush*, No. 05-CV-1429 (RMU), *appeal pending*, No. 05-5398 (D.C. Cir.); *Al-Oshan v. Bush*, No. 05-CV-0520 (RMU), *appeal pending*, No. 05-5237 (D.C. Cir.); *Tumani v. Bush*, No. 05-CV-0526 (RMU), *appeal pending*, No. 05-5244 (D.C. Cir.); *Sohail v. Bush*, No. 05-CV-0993 (RMU), *appeal pending,* No. 05-5478 (D.C. Cir.); *Al Karim v. Bush*, No. 05-CV-998 (RMU), *appeal pending,* No. 05-5374 (D.C. Cir.); *Rabbani v. Bush*, No. 05-CV-1607 (RMU), *appeal pending*, No. 06-5235 (D.C. Cir.) *Alkhemisi v. Bush*, No. 05-CV-1983 (RMU), *appeal pending,* No. 06-5041 (D.C. Cir.); *Naseer v. Bush*, No. 06-CV-1689, *appeal pending*, No. 07-1188 (D.C. Cir.); *Zalita v. Bush*, No. 05-CV-1220 (RMU), *appeal pending*, No. 05-5353 (D.C. Cir.); *Al Zarnouqi v. Bush*, No. 06-CV-1767 (RMU), *appeal pending*, No. 07-5148 (D.C. Cir.). The D.C. Circuit has separately recalled the mandate in *Kiyemba*, as discussed in ¶ 1(b) above. Of the four other cases dismissed by this Court, the D.C. Circuit dismissed appeals in two as moot because the petitioners had been transferred from Guantánamo. *Qayed v. Bush*, No. 05-CV-0454 (RMU), *appeal dismissed*, No. 05-5245 (D.C. Cir.); *Al Subaiy v. Bush*, No. 05-CV-1453 (RMU), *appeal dismissed*, No. 05-5482 (D.C. Cir.). In the two other cases, no appeals were pending. *Al Halmandy v. Bush*, No. 05-CV-2385 (RMU); *Al-Delebany v. Bush*, No. 05-CV-2477 (RMU).

[3] On April 25, 2007, this Court dismissed *Zalita v. Bush*, No. 05-CV-1220 (RMU), on receiving the D.C. Circuit's mandate. (Doc 61.) The D.C. Circuit issued its mandate, however, before the Supreme Court granted review in *Boumediene* and the D.C. Circuit recalled its mandate in *Boumediene*. *Zalita* has asked the D.C. Circuit to recall the mandate in his case; his motion is pending. On September 21, 2007, *Zalita* filed a petition for certiorari in the Supreme Court.

*v. Bush*, No. 05-CV-2367 (RWR) (D.D.C. July 2, 2007). Judge Collyer dismissed the habeas cases assigned to her but reinstated them upon reconsideration, *e. g.*, *Al Shimrani v. Bush*, No. 05-CV-2249 (RMC) (D.D.C. Aug. 22, 2007) (Doc. 59); and Judge Walton has closed his cases administratively but has not dismissed them, *see Mohammon v. Bush, et al.*, No. 05-CV-2386 (RBW) (D.D.C. Jan. 31, 2007). Judge Robertson dismissed his cases before the Supreme Court granted certiorari in *Boumediene* and the D.C. Circuit recalled its mandate; he is currently considering motions to reconsider.

3. In *Kiyemba*, this Court rejected the government's claim that the Court could not enforce the habeas protective order because the Detainee Treatment Act of 2005 had divested the Court of jurisdiction over Guantánamo habeas cases. The Court stated:

> The issue of this court's jurisdiction to entertain habeas petitions filed by the Guantánamo detainees "is a disputed issue that was litigated and is currently under consideration by the United States Court of Appeals for the District of Columbia Circuit." *Adem v. Bush*, 2006 WL 1193853, at *7 (D.D.C. Apr. 28, 2006). As other judges on this court have ruled, "enforcing the terms of the protective order in this case does not pose the danger of exceeding the court's jurisdiction, even if it is ultimately determined that this court does not have jurisdiction to determine the merits of a petition for habeas corpus relief." *Id.* At *7-8.

*Kiyemba v. Bush*, No. 05-CV-1509 (RMU), 2006 WL 2255736, at *2 (D.D.C. Aug. 7, 2006) (mandate in appeal recalled by D. C. Circuit). It has not been "ultimately determined that this court does not have jurisdiction to determine the merits of a petition for habeas corpus relief." As this Court noted, the government itself has conceded that the Court's jurisdiction over these cases will remain undecided until the Supreme Court decides it. *Id*. at *2 n.4.

For these reasons, the Court should reconsider and vacate its Order of September 20, 2007, dismissing this case.

This the 1st day of October, 2007.

Respectfully submitted,

/s/ *W. Matthew Dodge*
W. MATTHEW DODGE (Pursuant to LcvR 83.2(g))
Georgia State Bar No. 224371
FEDERAL DEFENDER PROGRAM, INC.
Suite 1700, The Equitable Building
100 Peachtree Street, N.W.
Atlanta, Georgia 30303
Telephone: (404) 688-7530
Facsimile: (404) 688-0768
E-mail: Matthew_Dodge@FD.org

CERTIFICATE OF SERVICE

     I, W. Matthew Dodge, certify that I have caused a true and accurate copy of the foregoing to be served upon the following persons, by first-class United States mail, in addition to the service that automatically occurs by virtue of my electronic filing of this document:

> Terry Henry, Esq., Senior Trial Attorney
> Andrew Warden, Esq., Trial Attorney
> United States Department of Justice
> Civil Division, Federal Programs Branch
> 20 Massachusetts Avenue, N.W., Room 7144
> Washington, D.C. 20530

This 1st day of October, 2007.


                                                  /s/ *W. Matthew Dodge*
                                                  W. MATTHEW DODGE