IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARKAN MOHAMMAD GHAFIL AL KARIM,  ) | |
| *Petitioner*,  ) | Civ. No. 05-998 (RMU) |
| v.  ) | |
| GEORGE W. BUSH, et al.,  ) | |
| *Respondents*.  ) | |

**REPLY TO RESPONDENTS' OPPOSITION TO MOTIONS FOR RECONSIDERATION**

Comes now, ARKAN MOHAMMAD GHAFIL AL KARIM, Petitioner in the above-styled action, by and through undersigned counsel, and submits this *Reply to Respondents' Opposition to Motions for Reconsideration*.

The D.C. Circuit's decision in *Boumediene* is not yet binding precedent. It is a fundamental principal of habeas corpus jurisprudence that a decision does not become final until a petition for certiorari in the United States Supreme Court is disposed of. *See Lawrence v. Florida*, — U.S. —, 127 S. Ct. 1079, 1088 n.2 (2007) ("judgment of conviction becomes final when the time expires for filing a petition for certiorari"). Because the United States Supreme Court has granted reconsideration in *Boumediene*, that judgement has not become final. Although the D.C. Circuit's decision in *Boumediene* has not been overturned by the *en banc* court, the actions of the Supreme Court indicate that the decision is in jeopardy. The issue of whether a district court can entertain a habeas corpus petition filed on behalf of a person in Petitioner's position is still an open question. Therefore, this Court should revisit its order dismissing this petition. *See* FED. R. CIV. P. 60(b)(6). *See Stanton by Brooks v. Astra Pharma. Prods., Inc.*, 718 F.2d 553, 557, 576 (3d Cir.1983) (confirming that a change in the law is an appropriate basis for a partial retrial).

Respondents asserts that the decisions of other divisions of this Court to revisit their earlier decisions to dismiss, or the D.C. Circuit Court's decisions to recall its mandate in similarly-situated cases, is of no consequence. That claim is mistaken. Clearly this Court can be guided by the actions of its peers and the higher courts. This Court does not operate in a vacuum and is not oblivious to the actions taken by other reasonable jurists in similarly-situated cases. For example, this Court should consider the recent decision of Judge Kessler, who noted that the D.C. Circuit's recall of the mandate in *Boumediene* "cast a deep shadow of uncertainty" over the jurisdictional ruling in that case. *Ruzatullah v. Gates*, Civ. No. 06-1707 (GK), *Memorandum Order*, Oct. 2, 2007, at 5.

Moreover, this Court's reconsideration of its order dismissing without prejudice would be prudent. The Supreme Court's preference is for lower courts to allow it to conduct its review without interference. In *Emmett v. Kelly*, the petitioner, a death-sentenced state inmate, had filed his petition for writ of certiorari well in advance of the due date. No. 06-11622, — S. Ct. —, 2007 WL 2819665, (Oct. 1, 2007). (Ex. A.) Yet the Commonwealh of Virginia, while the petition for certiorari was pending, sought an execution date. Four Justices of the Supreme Court thought the case worthy of certiorari but a fifth Justice would not join to grant a stay of execution. The Governor of Virginia, however, interceded and granted a stay of execution so that the Supreme Court could consider the petition. After certiorari was denied, Justice Stevens, joined by Justice Ginsberg, wrote to condemn the practice of depriving the Supreme Court jurisdiction before a habeas petitioner had an opportunity to litigate the case up to and including review by the Supreme Court. Justice Stevens noted that allowing a first habeas petition to run its course through the federal courts, would promote "the interest in the efficient management of our docket . . . and would accord death row inmates the same, rather than lesser, procedural safeguards as ordinary litigants." (Ex. A at 2.) The same is true

2

of inmates at the prison in Guantánamo Bay, Cuba, including, Mr. Al Karim. The orderly resolution of all similarly-situated cases would be served by this Court reconsidering its order dismissing Mr. Al Karim's habeas corpus proceeding pending the resolution by the Supreme Court of *Boumediene v. Bush*.

This the 5th day of October, 2007.

Respectfully submitted,

/s/ *W. Matthew Dodge*
W. MATTHEW DODGE
GA State Bar No. 224371
JEFFREY L. ERTEL
GA State Bar No. 249966
BRIAN MENDELSOHN
GA State Bar No. 502031
Attorneys for Mr. Al Karim

FEDERAL DEFENDER PROGRAM, INC.
Suite 1700, The Equitable Building
100 Peachtree Street, N.W.
Atlanta, Georgia 30303
Telephone: (404) 688-7530
Facsimile: (404) 688-0768
E-mail: Matthew_Dodge@FD.org

CERTIFICATE OF SERVICE

I, W. Matthew Dodge, certify that I have caused a true and accurate copy of the foregoing to be served upon the following persons, by first-class United States mail, in addition to the service that automatically occurs by virtue of my electronic filing of this document:

>Terry Henry, Esq., Senior Trial Attorney
>Andrew Warden, Esq., Trial Attorney
>United States Department of Justice
>Civil Division, Federal Programs Branch
>20 Massachusetts Avenue, N.W., Room 7144
>Washington, D.C. 20530

This 5th day of October, 2007.

>/s/ *W. Matthew Dodge*
>W. MATTHEW DODGE