# RESPONDENTS' EXHIBITS

# EXHIBIT 1

Procedures For Filing Documents

Unclassified Filings By Petitioner

     1.     Until further order of this court, any pleading or other document filed by petitioner that petitioner's counsel does not believe contains classified information and has no reason to believe contains classified information is authorized for direct filing in the CM/ECF system consistent with the regular electronic filing practices of this Court. *See* Local Civil Rule 5.4. Presumptively classified information that petitioner's counsel has learned from petitioner, *see* Revised Procedures For Counsel Access To Detainees At The U.S. Naval Base In Guantanamo Bay, Cuba §§ IV.A.6, IX.B, but has not been determined to be unclassified, shall not be filed in the CM/ECF system. Presumptively classified information shall be filed pursuant to the procedures specified in paragraph 2 below.

Classified Filings By Petitioner

     2.     Any pleading or other document filed by petitioner that petitioner's counsel knows or has reason to believe contains classified information, or is uncertain whether the document contains classified information, shall be filed under seal with the Court Security Officers ("CSO"). The document must be marked with the appropriate classification marking (*e.g.*, "SECRET"). The time of physical submission to the Court Security Officers shall be considered the date and time of filing. At the time of making a submission to the Court Security Officer, petitioner's counsel shall file on the public record in the CM/ECF system a "Notice of Filing" notifying the Court that a submission has been made to the CSO and specifying in general terms the nature of the filing without disclosing any potentially classified information.

     A.     Upon receipt, the CSO will then deliver to the Court and counsel for respondents any pleading or other document filed by petitioner that may contain classified information. The CSO will forward the document to the appropriate government agencies and departments for their determination as to whether the pleading or other document contains classified information. To facilitate this review, petitioner's counsel shall identify each paragraph of the document that counsel believes may contain classified information by marking each paragraph with an appropriate classification marking or otherwise specifically identifying such paragraphs. If, following review by the appropriate government agencies and departments, it is determined that the pleading or other document contains classified, the CSO must ensure that the document is marked with the appropriate classification marking and that the document remains under seal. The CSO will work with the appropriate government agencies or departments to prepare a redacted version of the pleading or other document appropriate for filing on the public record. Counsel shall then file the redacted version of the document in the CM/ECF system with a notation in the upper right hand corner of the first page stating "REDACTED VERSION FOR PUBLIC FILING CLEARED BY CSO." The docket entry description in the CM/ECF system for the document suitable for public viewing shall make specific reference to the earlier docket entry notifying the Court that the document had been submitted to the CSO for review.

     B.     In the event an entire document is deemed classified, petitioner's counsel

shall file a notice in the CM/ECF system listing the caption of the case, a version of the title of the document that does not disclose classified or protected information, and a brief statement that the CSO has informed counsel that the entire document is classified.  The docket entry description in the CM/ECF system for the document suitable for public viewing shall make specific reference to the earlier docket entry notifying the Court that the document had been submitted to the CSO for review.

C.     If it is determined that the pleading or other document does not contain classified, counsel shall then file the full submission in the CM/ECF system and counsel shall make specific reference to the earlier docket entry notifying the Court that the document had been submitted to the CSO for review.  The docket entry description shall also state that the CSO has approved of the public filing of the document. The underlying document filed in the CM/ECF system shall contain a notation in the upper right hand corner of the first page stating "PREVIOUSLY FILED WITH CSO AND CLEARED FOR PUBLIC FILING."

<u>Classified Filings By Respondents</u>

3.     Any pleading or other document filed by counsel for the respondents containing classified shall be filed under seal with the Court through the CSO.  The time of physical submission to the Court Security Officers shall be considered the date and time of filing.  The Court Security Officer shall serve a copy of any classified pleading or document upon petitioner's counsel at the secure facility.  At the time of making a submission to the Court Security Officer, respondents shall file on the public record in the CM/ECF system a "Notice of Filing" notifying the Court that a submission has been made to the CSO and specifying in general terms the nature of the filing without disclosing any potentially classified information. Counsel for respondents shall file in the CM/ECF system a version of the pleading or document appropriate for filing on the public record, consistent with the procedures outlined in paragraphs 2.A-C.

<u>Protected Information Filings By Petitioner And Respondents</u>

4.A.     The presence, or potential presence, of protected information in any pleading or document that is governed by paragraph 2 or paragraph 3, above, shall not affect the method of filing such a pleading or document; it shall be governed by paragraph 2 or 3, as applicable.  Any pleading or other document that contains, or petitioner's counsel or respondents have a reason to believe contains, or petitioner's counsel is uncertain as to whether it contains, protected information, but does not contain classified information, shall be filed under seal pursuant to Local Civil Rule 5.1(j).  At the time of the submission of a filing containing protected but not classified information, the party shall file on the public record in the CM/ECF system a "Notice of Filing" notifying the Court that a protected information submission has been made and specifying in general terms the nature of the filing without disclosing any potentially protected information. Counsel for the party submitting the protected information shall file in the CM/ECF system a version of the pleading or document appropriate for filing on the public record, consistent with the procedures outlined in paragraphs 2.A-C.

4.B.    This order shall constitute authorization for petitioner and respondents to file protected information under seal.  No motion to seal is required at the time of submission of the pleading or document to the Clerk's Office. Procedures for designation of protected information shall be governed by the Court's November 11, 2004 Order ("Order Addressing Designation Procedures For 'Protected Information'").

<u>Disclosure of Protected Or Classified Information On The Public Record</u>

5.    In the event respondents believe that a party has disclosed classified or protected information on the public docket, respondents shall notify the Court Security Officer, who shall work with the Clerk's Office to remove the filing from the public docket.  A copy of the filing shall then be lodged with the Court Security Officer and treated according to section 2.B or 2.C of this order.  Nothing herein shall limit respondents authority to take necessary remedial action to ensure the protection of the classified or protected information.

# EXHIBIT 2

**Exhibit to Part B** of Joint Status Report Dated July 21, 2008

**Petitioners in *Mohammon v. Bush*, No. 05-CV-2386 (RBW), Who Are Identified as Detainees at Guantánamo Bay;
Who Do Not Have Duplicate Petitions for Writs of Habeas Corpus Pending Before the District Court;
and Who Have Not Been Released or Transferred; or Petitioners About Whom These Issues Are Disputed**

| | Petitioner | Petitioner's Internment Serial Number (ISN) | Citation to Petition | Petitioner's Citizenship | Amended (Habeas) Protective Order Entered? | Petitioner's Status |
|---|---|---|---|---|---|---|
| 1. | Abd Al Zaher | 89 | ¶ 25 | Azerbaijan | Yes | |
| 2. | Abdurahman LNU | 441 | ¶ 160 | Yemen | Yes | Petitioner has voluntarily withdrawn duplicate petition in *Al Halmandy v. Bush*, No. 05-2385 (RMU) |
| 3. | Adel LNU | 584 | ¶ 232 | Turkestan (Uighur) | Yes | |
| 4. | Ahmed Omar | 30 | ¶ 318 | Yemen | Yes | Petitioner has duplicate petition in *Al Hakimi v. Bush*, No. 08-1111 (EGS) |
| 5. | Ali LNU | 455 | ¶ 156 | Uzbekistan | Yes | |
| 6. | Edress LNU | 35 | ¶ 107 | Yemen | Yes | |
| 7. | Mohammed Ahmed Saeed Hidar | 498 | ¶ 260 | Yemen | Yes | |
| 8. | Sharaf Al Sanani | 170 | ¶ 109 | Yemen | Yes | |
| 9. | Alkhadr Abdullah Al Yafie | 34 | ¶ 266 | Yemen | Yes | Petitioner has voluntarily withdrawn duplicate petition in *Al Yafie v. Bush*, No. 05-2399 (RJL) |
| 10. | Saif Ullah | 46 | ¶ 146 | Tunisia | Yes | Petitioner has voluntarily withdrawn duplicate petition in *Al Halmandy v. Bush*, No. 05-2385 (RMU) |

| | | | | | | |
|---|---|---|---|---|---|---|
| 11. | Abdul-rahman Abdo Abdulghaith Sulaiman | 223 | ¶ 250 | Yemen | Yes | |
| 12. | Abdurahman LNU | 281 | ¶ 230 | Turkestan (Uighur) | Yes | |
| 13. | Abu Rawda | 326 | ¶ 214 | Syria | Yes | |
| 14. | Jabbarov Oybek Jamolovich | 452 | ¶ 330 | Uzbekistan | Yes | Petitioner has moved to dismiss duplicate petition in *Jamolivich v. Bush*, No. 05-2112 (RBW); Respondents do not object to dismissal of 05-2112. |
| 15. | Adil LNU | 148 | ¶ 150 | Tunisia | Yes | |
| 16. | Mohammed Abdullah Taha Mattan | 684 | ¶ 13 | Palestine | Yes | |
| 17. | Samir LNU | 707 | ¶ 73 | Sudan | Yes | Petitioner has voluntarily withdrawn duplicate petition in *Al Halmandy v. Bush*, No. 05-2385 (RMU); Petitioner charged by military commission |
| 18. | Tofiq Nasser Awadh Al Bihani | 893 | ¶ 262 | Yemen | Yes | Petitioner has voluntarily withdrawn duplicate petition in *Al Yafie v. Bush*, No. 05-2399 (RJL) |
| 19. | Shargowi LNU | 1457 | ¶ 170 | Yemen | Yes | Petitioner has voluntarily withdrawn duplicate petition in *Al Halmandy v. Bush*, No. 05-2385 (RMU) |
| 20. | Mohammed Al Palestini | 049 | ¶ 15 | Palestine | Yes | |
| 21. | Abdullah Bo Omer Hamza Yoyej | 257 | ¶ 246 | Tajikistan | Yes | |
| 22. | Bilal LNU | 330 | ¶ 144 | Syria | Yes | |
| 23. | Mustafa Al Shamili | 434 | ¶ 95 | Yemen | Yes | |
| 24. | Maher El Falesteny | 519 | ¶ 119 | Palestine | Yes | |
| 25. | Abdal Razak Ali | 685 | ¶ 288 | Algeria | Yes | |

| | | | | | |
|---|---|---|---|---|---|
| 26. | Abdulaziz LNU | 687 | ¶ 168 | Saudi Arabia | Yes | |
| 27. | Mohammed Ahmed Slam Al-Khateeb | 689 | ¶ 252 | Yemen | Yes | |
| 28. | Jamil Ahmad Saeed | 728 | ¶ 256 | Yemen | Yes | |
| 29. | Abdul Aziz Naji | 744 | ¶ 270 | Algeria | Yes | |
| 30. | Sanad Ali Alkaliemi | 1453 | ¶ 172 | Yemen | Yes | |

# EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————— x
: 
**IN RE:** : 
: 
**GUANTÁNAMO BAY** :   Misc. No. 08-442 (TFH)
**DETAINEE LITIGATION** : 
: 
———————————————————— x
: 
**AL HALMANDY,** *et al.*, : 
: 
                Petitioners, : 
: 
                v. :   No. 05-CV-2385 (RMU)
: 
**BUSH,** *et al.*, : 
: 
                Respondents. : 
: 
———————————————————— x

## STATUS REPORT

Petitioners in the above-captioned action, by and through their undersigned counsel, respectfully submit this status report in response to the Court's July 11, 2008 Scheduling Order:

1.     The instant habeas petition was filed on behalf of 63 petitioners on December 13, 2005, just prior to the passage of the Detainee Treatment Act of 2005. After review, a large number of the petitioners in the instant case appear to be duplicates of petitioners on other habeas corpus petitions, or appear to have been transferred or released from Guantánamo.

2.     The following detainees named on the instant petition (1) are identified as specific detainees at Guantánamo Bay; (2) do not have duplicate habeas petitions pending before the District Court (except as noted); and (3) to our knowledge have not been transferred or released from Guantánamo Bay:

- **Mohammed Kameen**, an Afghan national, ISN 1045. Respondents concede the identification.

- **Saki Bacha**, an Afghan national, ISN 900. Respondents concede the identification.

- **Muhammed Saad Iqbal Madni**, a Pakistani national, ISN 743. Respondents concede the identification. Madni had a duplicate petition in Civil Action No. 06-CV-1674 (RMC), filed September 29, 2006 under the name Qari Saad Iqbal, which he withdrew voluntarily on February 12, 2007. Judge Collyer dismissed that case without prejudice on February 12, 2007.

- **Riad Nargeri**, a Tunisian national, ISN 510.

- **Houmad Warzly**, a Yemeni national, ISN 574. Respondents concede the identification.

- **Sabry Mohammed**, a Yemeni national, ISN 570. Respondents concede the identification.

- **Saleh**, a Yemeni national, ISN 78.

3.  Of the seven petitioners listed above in paragraph 2, two are currently the subject of charges before a military commission: Mohammed Jawad (ISN 900, listed as "Saki Bacha" on this petition) and Mohammed Kamin (ISN 1045, listed as "Mohammed Kameen" on this petition). Charges against Jawad, accusing him of throwing a hand grenade into a vehicle carrying U.S. and allied personnel in Afghanistan, were sworn on October 9, 2007, and referred for trial on January 30, 2008. It has been widely reported in the news media that Jawad was sixteen years old at the time of the alleged attack. Charges against Kamin, accusing him of providing material support to hostilities against U.S. and allied armed forces in Afghanistan, were sworn on March 12, 2008, and referred for trial on April 4, 2008.

4.      No factual return or classified CSRT record has been filed for any petitioner on this petition.

5.      There are no pending motions filed by petitioners in the instant case.

6.      There is no protective order in place in this case.

7.      Pursuant to the Detainee Treatment Act (DTA), petitioner Madni filed a Petition for Review of Combat Status Review Tribunal Determination with the U.S. Court of Appeals for the District of Columbia Circuit on April 3, 2007, No. 07-1083. There is a protective order in place in that case. Madni's DTA petition is still pending before the Court of Appeals.

8.      Petitioners Kameen, Bacha, Nargeri, Warzly, Mohammed, and Saleh (listed in Paragraph 2, above) hereby give notice to respondents and to the Court that they request thirty days prior notice of transfer pursuant to the Court's order of July 10, 2008 (Dkt. 52-2, Civil Action No. 08-mc-442).  (Petitioner Madni has already given such notice.  *See* Dkt. 63, Notice of Petitioners' Request for 30-Days Notice of Transfer (filed July 15, 2008).)

9.      As to all other individuals named on the instant petition, who are not specifically addressed in Paragraph 2, above, counsel do not object to dismissal of their claims without prejudice.

Dated:      New York, New York
            July 18, 2008

                                        Respectfully submitted,


                                        _____/s/ Shayana Kadidal_____
                                        Shayana D. Kadidal (D.C. Bar No. 454248)
                                        CENTER FOR CONSTITUTIONAL RIGHTS
                                        666 Broadway, 7th Floor
                                        New York, New York 10012
                                        Tel:  (212) 614-6438
                                        Fax:  (212) 614-6499

                                        *Counsel for Petitioners*

Richard L. Cys (D.C. Bar No. 87536)
Lisa B. Zycherman (D.C. Bar No. 495277)
DAVIS WRIGHT TREMAINE, LLP
1919 Pennsylvania Avenue, N.W.
Suite 200
Washington, D.C. 20006-3402
Tel:  (202) 973-4217
Fax: (202) 973-4499
Email:  rickcys@dwt.com
Email:  lisazycherman@dwt.com

James P. Walsh (D.C. Bar No. 930115)
DAVIS WRIGHT TREMAINE, LLP
505 Montgomery Street
Suite 800
San Francisco, CA 94111-6533
Tel:  (415) 276-6500
Fax:  (415) 276-6599
Email:  budwalsh@dwt.com

*Counsel for Petitioner Muhammed Saad Iqbal
Madni*

# EXHIBIT 4

# Petitioners Currently Detained at Guantanamo Bay Whose Habeas Cases Are Currently Dismissed On Jurisdictional Grounds

| Civil Action No | Case Name | Judge | Current Case Status | Date of Dismissal Order | Reason For Dismissal |
|---|---|---|---|---|---|
| 05-CV-0569 | Salahi v. Bush | Robertson | Dismissed | 4/5/2007 | Jurisdiction -- D.C. Cir. Boumediene |
| 05-CV-0748 | Aboassy v. Bush | Collyer | Dismissed | 5/30/2007 | Jurisdiction -- D.C. Cir. Boumediene |
| 05-CV-0877 | Khiali-Gul v. Bush | Robertson | Dismissed | 4/5/2007 | Jurisdiction -- D.C. Cir. Boumediene |
| 05-CV-1189 | Khalifh v. Bush | Robertson | Dismissed | 4/5/2007 | Jurisdiction -- D.C. Cir. Boumediene |
| 05-CV-1505 | Al Hawary v. Bush | Collyer | Dismissed | 5/9/2007 | Jurisdiction -- D.C. Cir. Boumediene |
| 05-CV-1506 | Shafiiq v. Bush | Collyer | Dismissed | 5/15/2007 | Jurisdiction -- D.C. Cir. Boumediene |
| 05-CV-1555 | Idris v. Bush | Robertson | Dismissed | 4/5/2007 | Jurisdiction -- D.C. Cir. Boumediene |
| 05-CV-1971 | Al-Qahtani v. Bush | Collyer | Dismissed | 5/8/2007 | Jurisdiction -- D.C. Cir. Boumediene |
| 05-CV-2185 | Al-Mudafari v. Bush | Robertson | Dismissed | 4/5/2007 | Jurisdiction -- D.C. Cir. Boumediene |
| 05-CV-2387 | Al-Quhtani v. Bush | Collyer | Dismissed | 5/9/2007 | Jurisdiction -- D.C. Cir. Boumediene |
| 06-CV-1758 | Suliman v. Bush | Collyer | Dismissed | 5/30/2007 | Jurisdiction -- D.C. Cir. Boumediene |

# EXHIBIT 5

**EXHIBIT 5**

**Petitioners Who Are Approved For Transfer To
The Control Of Another Government For Release**

| Case Number | Petitioner's Name | Internment Serial Number (ISN) |
|---|---|---|
| 05-CV-1509 | Abdusabur Doe | 275 |
| 05-CV-1509 | Khalid Doe | 280 |
| 05-CV-1509 | Saabir Doe | 282 |
| 05-CV-1509 | Jalaal Doe | 285 |
| 05-CV-1509 | Abdusamad Doe | 295 |
| 05-CV-1509 | Hudhaifa Doe | 320 |
| 05-CV-2386 | Abdurahman LNU | 281 |
| 05-CV-2398 | Ali | 250 |
| 05-CV-2398 | Thabid | 289 |

# EXHIBIT 6

**EXHIBIT 6**

**Petitioners Who Are Approved For Transfer To The Control Of Another Government For Possible Detention, Investigation, and/or Prosecution As That Government Deems Appropriate Under Its Own Laws**

| Case Number | Petitioner's Name | Internment Serial Number (ISN) |
|---|---|---|
| 04-CV-1194 | Ali Yahya Mahdi | 167 |
| 04-CV-1254 | Adil Saeed El Haj Obaid | 165 |
| 04-CV-1254 | Mohamed Mohamed Hassan Odaini | 681 |
| 04-CV-2035 | Jarallah Al-Marri | 334 |
| 04-CV-2215 | Shaker Abdurraheem Aamer | 239 |
| 05-CV-270 | Adel Fattouh Aly Ahmed Algazzar | 369 |
| 05-CV-0280 | Suleiman Awadh Bin Aqil Al-Nahdi | 511 |
| 05-CV-0280 | Fahmi Salem Al-Assani | 554 |
| 05-CV-0359 | Rafiq Bin Bashir Bin Jallul Alhami | 892 |
| 05-CV-0359 | Mohammed Abdul Rahman | 894 |
| 05-CV-0748 | Mohammed Saeed Bin Salman | 251 |
| 05-CV-0994 | Kasimbekov Komoliddin Tohirjanovich | 675 |
| 05-CV-0998 | Arkan Mohammad Ghafil Al Karim | 653 |
| 05-CV-0999 | Asim Ben Thabit Al-Khalaqi | 152 |
| 05-CV-1220 | Abu Abdul Rauf Zalita | 709 |
| 05-CV-1347 | Farhi Saeed bin Mohammed | 311 |

| Case Number | Petitioner's Name | Internment Serial Number (ISN) |
|---|---|---|
| 05-CV-1353 | Motai Saib | 288 |
| 05-CV-1497 | Adil Bin Muhammad Al Wirghi | 502 |
| 05-CV-1504 | Nabil | 238 |
| 05-CV-1505 | Abbar Sufian Al Hawary | 1016 |
| 05-CV-1509 | Abdunasir Doe | 278 |
| 05-CV-1509 | Hammad Doe | 328 |
| 05-CV-1704 | Arkeen Doe | 103 |
| 05-CV-1704 | Sadar Doe | 277 |
| 05-CV-2349 | Ahmed Ben Bacha | 290 |
| 05-CV-2386 | Alkhadr Abdullah Al Yafie | 34 |
| 05-CV-2386 | Saif Ullah | 46 |
| 05-CV-2386 | Mohammed Al Palestini | 49 |
| 05-CV-2386 | Adil Bin Mabrouk | 148 |
| 05-CV-2386 | Jabbarov Oybek Jamolovich | 452 |
| 05-CV-2386 | Ali LNU | 455 |
| 05-CV-2386 | Maher El Falesteny | 519 |
| 05-CV-2386 | Adel LNU | 584 |
| 06-CV-0618 | Abdulli Feghoul | 292 |
| 06-CV-1766 | Fadhel Hussein Saleh Hentif | 259 |
| 07-CV-2337 | Ridah Bin Saleh Al Yazidi | 38 |

# EXHIBIT 7

**Data Responsive to Judge Hogan's 7/11/08 Scheduling Order:**

**"2.I. Identifies the cases in which an appeal or a petition for certiorari is pending."**

**Petitions for Certiorari**

We are not aware of any certiorari petitions pending before the Supreme Court.

**Appeals**

Below are the cases pending on appeal, with their District Court case numbers, and then their USCA (D.C. Circuit) case numbers. *Appeals brought by petitioners* are marked with *an asterisk*.

1) Consolidated appeals respecting authority to withhold classified information:

| Case Name | Case # in District Court | Case # in USCA (DC Cir.) |
|---|---|---|
| Al-Odah v. USA | 02-828 | 05-5117 |
| Rasul v. Gyurisko | 02-299 | 05-5118 |
| Habib v. Bush | 02-1130 | 05-5119 |
| Kurnaz v. Bush | 04-1135 | 05-5120 |
| O.K. v. Bush | 04-1136 | 05-5121 |
| Begg v. Bush | 04-1137 | 05-5122 |
| El-Banna v. Bush | 04-1144 | 05-5123 |
| Gherebi v. Bush | 04-1164 | 05-5124 |
| Anam v. Bush | 04-1194 | 05-5125 |
| Almurbati v. Bush | 04-1227 | 05-5126 |
| Abdah v. Bush | 04-1254 | 05-5127 |

2) Consolidated appeals respecting conditions of confinement, stay of habeas proceedings, and habeas protective order:[1]

| *Paracha v. Bush | 04-2022 | 05-5194 |
|---|---|---|
| *Paracha v. Bush | 04-2022 | 05-5333 |
| *Paracha v. Bush | 04-2022 | 05-5211 |

---

[1] Petitioner contends that the three listed appeals are moot.

3) First group of consolidated appeals respecting 30-day notice of transfer orders:

| Kiyemba v. Bush | 05-1509 | 05-5487 |
|---|---|---|
| *Kiyemba v. Bush | 05-1509 | 05-5488 |
| Mamet v. Bush | 05-1602 | 05-5489 |
| *Mamet v. Bush | 05-1602 | 05-5490 |
| Alladeen v. Bush | 05-833 | 05-5491 |
| Zakirjan v. Bush | 05-2053 | 06-5042 |
| Zakirjan v. Bush | 05-2053 | 06-5234 |

4) Second group of consolidated appeals respecting 30-day notice of transfer orders:

| Abdah v. Bush | 04-1254 | 05-5224 |
|---|---|---|
| Abdullah v. Bush | 05-23 | 05-5225 |
| Al-Wazan v. Bush | 05-329 | 05-5227 |
| Adem v. Bush | 05-723 | 05-5228 |
| Al Daini v. Bush | 05-634 | 05-5229 |
| Al Hela v. Bush | 05-1048 | 05-5230 |
| Al Joudi v. Bush | 05-301 | 05-5231 |
| Al Mohammed v. Bush | 05-247 | 05-5232 |
| Al-Adahi v. Bush | 05-280 | 05-5235 |
| Al-Marri v. Bush | 04-2035 | 05-5236 |
| Al-Oshan v. Bush | 05-520 | 05-5237 |
| Anam v. Bush | 04-1194 | 05-5238 |
| Salahi v. Bush | 05-569 | 05-5239 |
| Aziz v. Bush | 05-492 | 05-5242 |
| Ameziane v. Bush | 05-392 | 05-5243 |
| Tumani v. Bush | 05-526 | 05-5244 |

2

| | | |
|---|---|---|
| El-Mashad v. Bush | 05-270 | 05-5246 |
| El-Banna v. Bush | 04-1144 | 05-5247 |
| Alhami v. Bush | 05-359 | 05-5248 |
| Deghayes v. Bush | 04-2215 | 05-5337 |
| Slahi v. Bush | 05-881 | 05-5338 |
| Chaman v. Bush | 05-887 | 05-5339 |
| Zalita v. Bush | 05-1220 | 05-5353 |
| Al Karim v. Bush | 05-998 | 05-5374 |
| El-Marqodi v. Bush | 05-1649 | 05-5390 |
| Hatim v. Bush | 05-1429 | 05-5398 |
| Sohail v. Bush | 05-993 | 05-5478 |
| Abdulzaher v. Bush | 05-1236 | 05-5479 |
| Almerfedi v. Bush | 05-1645 | 05-5484 |
| Khalif v. Bush | 05-1189 | 05-5486 |
| Idris v. Bush | 05-1555 | 06-5037 |
| Sameur v. Bush | 05-1806 | 06-5039 |
| Alkhemisi v. Bush | 05-1983 | 06-5041 |
| Al-Mudafari v. Bush | 05-2185 | 06-5043 |
| Khiali-Gul v. Bush | 05-877 | 06-5062 |
| Al Bahooth v. Bush | 05-1666 | 06-5064 |
| Al-Mithali v. Bush | 05-2186 | 06-5065 |
| Kahn v. Bush | 05-1001 | 06-5067 |
| Awad v. Bush | 05-2379 | 06-5094 |

5) Individual appeals respecting 30-day notice of transfer orders:

| | | |
|---|---|---|
| *Al Ginco v. Bush | 05-1310 | 06-5191 |
| Paracha v. Bush | 04-2022 | 05-5334 |
| Rahmattullah v. Bush | 05-878 | 07-5091 |
| *Zalita v. Bush | 05-1220 | 07-5129 |

3

| Al-Zarnouqi v. Bush | 06-1767 | 07-5148 |
| Ghanem v. Bush | 05-1638 | 07-5303 |
| Saleh v. Bush | 06-1765 | 07-5323 |
| Hentif v. Bush | 06-1766 | 07-5324 |
| Alhami v. Bush | 05-359 | 07-5400 |
| Yazidi v. Bush | 07-2337 | 08-5051 |
| Shubati v. Bush | 07-2338 | 08-5052 |
| Sanani v. Vargo | 05-2386 | 08-5149 |

6) Consolidated appeals respecting various orders in district court habeas actions:

| *Razak Ali v. Bush (denial of motion to compel factual returns and denial of motions related to access to counsel issues) | 05-2386 | 07-5040 |
| *Sanani v. Bush (denial of motion for order requiring 30-day notice of transfer) | 05-2386 | 07-5043 |
| *Al-Harbi v. Bush (denial of motion to compel factual return) | 05-2479 | 07-5052 |

7) Individual appeals respecting denial of access to medical records or conditions:

| *Al Ghizzawi v. Bush | 05-2378 | 06-5394 |
| *Al-Ghizzawi v. Bush | 05-2378 | 08-5136 |

8) Individual appeal respecting use of "filter team" in suicide investigation:

| *Hamad v. Bush | 05-1009 | 06-5331 |

9) Individual appeal respecting dismissal of habeas action:

| *Bukhari v. Bush | 05-1241 | 07-5201 |

4